PETROPLUS, JUDGE:
The facts in this claim are stipulated by Petition and Answer and they are so found. The Answer admits each and every allegation of the Petition and requests that the claim be recognized.
The claimant, Monongahela Power Co., which was furnishing electricity to the Hopemont State Hospital, an agency of the State of West Virginia, on May 18, 1971, changed the method of billing the account from manual billing to Electronic Data Processing billing by the use of a computer; at the time the system conversion was made, the personnel of the claimant made an error in the computer programming for this account by omitting a multiplier. As a result of the error, the institution was underbilled for a period beginning June 17, 1971, to June 16, 1972, when the error was discovered and corrected. A statement was rendered for the sum of $13,699.61, being the amount due on account as a result of the underbilling.
*189 The manager of the Hopemont State Hospital acknowledged the correctness of the statement and paid on the account the sum of $10,307.99, being the unspent budget allocation for the purchase of electricity which then remained in the operating budget of the hospital. The unpaid amount of $3,391.62 is the basis of this claim. It is clear that the claim exceeds the amount of funds allocated for electricity in the fiscal year budget, 1971-1972, of said Hopemont State Hospital.
It does not appear from the stipulation that sufficient funds were budgeted for electricity even though no error had been committed on the claimant’s part. Unquestionably the State as a matter of conscience should pay the claim for an essential utility service to the institution were it not for the obstacles hereinafter mentioned.
This Court has previously held in the case of Airkem Sales and Service, Claimant, versus Department of Mental Health, Respondent, Claim D-333, and many analogous cases, that under the provisions of the West Virginia Code it is unlawful for the Superintendent of any institution, maintained by the State, to expend for any fiscal year a greater sum for the maintenance of the institution than shall have been appropriated by the Legislature therefor for such year. A similar claim was disallowed by this Court in the Airkem case as an illegal expenditure although admittedly a moral obligation of the State, since the spending unit clearly violated the statute by incurring liabilities which could not be paid out of the current appropriation. The statutes were passed so that funds would not be spent unless they were actually available in the appropriation.
The furnishing of electricity to an institution of the State is a contractual service and is so defined in Code 5A-1-1 which reads:
“ ‘Contractual services’ shall include telephone, telegraph, electric light and power, water and similar services.”
Commodities by the same statute are defined to include contractual services furnished to an agency of the State government.
Code 5A-3-19 then explicitly states that if a department contracts for commodities contrary to the provisions of this article such contract shall be void and of no effect, and the department head shall be personally liable for the expenditure.
*190 Inasmuch as the spending policies of the State are limited by law, those dealing with the State are charged with knowledge that Code provision 5A-3-19 declares such contracts to be void and of no effect.
For this Court to make an award in the face of these statutes solely on moral consideration is to flout these statutes and make a mockery of the legislation designed to circumscribe and limit the spending of state institutions. The public policy of this State as mandated is to control the public spending of state agencies. This Court was created to make awards on legal justification where there would be a remedy at law except for the constitutional immunity of the State from suit. We cannot legislate but may give relief only within the sphere of our prescribed and inhibited jurisdiction.
The jurisdiction of the West Virginia Court of Claims is statutory and additional jurisdiction cannot be conferred upon this Court by admissions or requests from the Attorney General’s office that claims representing overspending be paid as lawful obligations of the State of West Virginia because the services were satisfactorily furnished and the State has received the benefit thereof. The above quoted statutes prohibit such expenditure.
Since both parties hereto admit there is no unspent budget allocation for the purchase of electricity over and above the sum that was paid according to the erroneous billings and the further sum of $10,307.99 which was applied to the account after the error was discovered, we find it impossible to distinguish this case from the Airkem and other cases where no awards were made.
Those dealing with public agencies who are not alerted to the caveats and limitations placed on spending units assume inherent risks which are not ordinary in transactions between private individuals and corporations. Undoubtedly they will feel aggrieved and imposed upon when they discover that they cannot collect for services rendered in good faith to agencies of the State. But they are presumed to know the law irrespective of their actual knowledge.
The fact that an error was made in computing the billings over a period of time does not change the result. The same ruling would apply if the bills had been correctly computed. Recovery would be limited to funds allocated and made available by legislative appropriation.
*191 We are constrained to make no award in this case as a contrary ruling would be inconsistent with the former opinions of this Court. If counsel for the parties hereto are able to supplement the record in order that this case may be factually distinguished from our former rulings, the claim would be allowed without hesitation.
The claimant is not without relief as all of the claims which arose because of overexpenditure of departmental appropriations disallowed by the Court of Claims on purely statutory grounds were later paid by a special Act of the Legislature which directed their payment without condoning illegal acts contrary to the laws of the State.
For the foregoing reasons the claim is accordingly disallowed.
Claim disallowed.